IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 17-cr-427-1-WJM

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**1. JOSE BURCIAGA ANDASOLA,**

    Defendant.

_____

**MOTION TO SUPPRESS EVIDENCE FROM SEARCH PURSUANT TO WARRANT**
_____

    Defendant, Jose Burciaga Andasola ("Andasola"), by his counsel of record, Peter R. Bornstein, moves this Court for an order suppressing evidence obtained by the Government from a search warrant directed to search a 7.1 acre plot in El Paso County near Fountain, Colorado.  In particular, the Defendant seeks to suppress the gun found at that location which is the subject of Count 3 of the Superseding Indictment.  As grounds in support of his motion, Mr. Andasola states to the Court as follows:

    1.    Defendant is charged in a Superseding Indictment with three criminal charges, the third charge being the possession of a firearm by an alien who is illegally and unlawfully in the United States in violation of 18 U.S.C. § 922(g)(5).

    2.    The gun which is the subject of Count 3 was seized in a search of 20455 Longhorn Point, Fountain, Colorado on November 6, 2017.

    3.    The search was made pursuant to a search warrant issued on October 23, 2017 by Magistrate Judge Watanabe of the United States District Court for the District of

Colorado. A copy of the Application for a Search Warrant including Attachment A, Attachment B, and the Affidavit in Support of an Application for a Search Warrant are attached to this motion as **Exhibit 1** and a copy of the Search and Seizure Warrant is attached as **Exhibit 2**.

4. The Fourth Amendment to the Constitution of the United States generally requires law enforcement officers to obtain a search warrant supported by probable cause prior to conducting a search of a residence. In this case, the search was of a residence and the surrounding grounds. *United States v. Tucker*, 305 F.3d 1193, 1199 (10th Cir. 2002).

5. The probable cause for the search was based, in large measure, on information provided by a confidential informant who is not named. In considering an informant's information used to establish probable cause, the Supreme Court has adopted a totality of the circumstances analysis that also includes the informant's "veracity" or "reliability" and his "basis of knowledge." *Illinois v. Gates,* 462 U.S. 213, 230-232 (1983); *United States v. Hendrix,* 644 F.3d 1334, 1338 (10th Cir. 2011).

6. In this search warrant, the affidavit has no mention of a gun; nevertheless, the warrant authorizes the search and seizure for weapons.

7. In this instance, the affidavit for the search warrant is based, in large part, on information that occurred in February of 2017. The warrant was issued six months later. The law of the Fourth Amendment requires that a warrant is valid only as long as the information in the oath or affirmation supporting its issuance provides probable cause to believe the item sought will still be found in the place to be searched at the time the

search is conducted. Whether information is too stale to establish probable cause depends on the nature of the criminal activity, the length of the activity, and the nature of the property to be seized. *United States v. Garcia*, 707 F.3d 1190, 1194-95 (10th Cir. 2013).

8. Although the FBI obtained the warrant in order to search for drugs which were likely buried on the property to be searched or, possibly, in the building to be searched, no large amounts of drugs were found buried on the property. This is consistent with the fact that the DEA previously searched this property for drugs and, once again, came up empty.

9. This search violates the Defendant's expectation of privacy in his residence, was based on an affidavit that failed to establish probable cause to search for weapons, and was based on stale information.

WHEREFORE, Defendant requests that this Court suppress from use as evidence in this case the firearm which forms the basis for Count 3 of the Superseding Indictment, together with all of the other evidence, including drugs, photographs, cell phones, and other items seized in the search of November 6, 2017.

Respectfully submitted this 11th day of February, 2019.

**THE LAW OFFICES OF PETER R. BORNSTEIN**

*s/ Peter R. Bornstein*
Peter R. Bornstein
6060 Greenwood Plaza Blvd., Suite 500
Greenwood Village, CO 80111
Telephone: 720-354-4440
Facsimile: 720-287-5674
E-mail: pbornstein@prblegal.com
*Attorney for Defendant Jose Burciaga*

*Andasola*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 11th day of February, 2019, I electronically filed the foregoing **MOTION TO SUPPRESS EVIDENCE FROM SEARCH PURSUANT TO WARRANT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                   *s/ Jeannette Wolf*
                                   Jeannette Wolf, Paralegal