IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 17-cr-427-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     **JOSE BURCIAGA ANDASOLA**,

    Defendant.

---

## ORDER DENYING MOTION TO SUPPRESS AND
## MOTION FOR SUPPLEMENTAL DISCOVERY

---

The Government charges Defendant Jose Burciaga Andasola ("Burciaga") with one count of possessing methamphetamine with intent to distribute (21 U.S.C. § 841(a)(1) & (b)(1)(A)(viii) and 18 U.S.C. § 2), one count of possessing heroin with intent to distribute (21 U.S.C. § 841(a)(1) & (b)(1)(B)(i) and 18 U.S.C. § 2), and one count of possessing a firearm while unlawfully in the United States (18 U.S.C. § 922(g)(5)). (ECF No. 54.) These charges arose from an investigation in which the Government discovered drugs (some buried underground, apparently) and a firearm at "Longhorn Point," a rural property associated with Defendant near Pueblo, Colorado. The search of the property was pursuant to a warrant which claimed probable cause based on, among other things, surveillance of the property and information obtained from a confidential informant. (ECF No. 70-1.) The warrant also authorized a "subterranean" search. (*Id.* at 2.)

Currently before the Court are two motions: Burciaga's Motion for Supplemental

Discovery (ECF No. 68), and Burciaga's Motion to Suppress Evidence from Search Pursuant to Warrant (ECF No. 70). For the reasons explained below, the Court denies both motions.

## I. ANALYSIS

### A. Motion to Suppress Evidence from Search Pursuant to Warrant (ECF No. 70)

#### 1. General Standards

##### a. *Burden of Proof*

"Generally, if the search or seizure was pursuant to a warrant, the defendant has the burden of [proving that the Government violated the Fourth Amendment]." *United States v. Carhee*, 27 F.3d 1493, 1496 (10th Cir. 1994) (internal quotation marks omitted). Burciaga has offered no argument why the general rule does not apply in this case, nor is the Court aware of any possible argument. Accordingly, Burciaga bears the burden here.

##### b. *Deferential Review of Warrants*

The Court's duty

> is to ensure that the magistrate judge had a substantial basis for concluding that the affidavit in support of the warrant established probable cause. The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit there is a fair probability that contraband or evidence of a crime will be found in a particular place.
>
> Because of the strong preference for searches conducted pursuant to a warrant, the Supreme Court has instructed us to pay great deference to a magistrate judge's determination of probable cause. Only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause. The test is whether the facts presented in the affidavit would warrant a man of reasonable caution to believe that evidence of a crime will be found at the place to

be searched.

*United States v. Nolan*, 199 F.3d 1180, 1182–83 (10th Cir. 1999) (internal quotation marks and citations omitted; alterations incorporated).

2. Burciaga's Attacks on the Warrant

Burciaga presents three arguments, or apparent arguments, which the Court will discuss in turn.

a. *Informant's Unreliability*

Burciaga first states as follows:

> The probable cause for the search was based, in large measure, on information provided by a confidential informant who is not named. In considering an informant's information used to establish probable cause, the Supreme Court has adopted a totality of the circumstances analysis that also includes the informant's "veracity" or "reliability" and his "basis of knowledge." *Illinois v. Gates*, 462 U.S. 213, 230–232 (1983); *United States v. Hendrix*, 644 F.3d 1334, 1338 (10th Cir. 2011).

(ECF No. 70 ¶ 5.) Without elaboration on these legal principles, Burciaga then moves on to a different argument. Only in his reply brief does Burciaga *argue* anything related to these legal principles. (ECF No. 79 at 1–2.) The Court could deem those arguments forfeited. *See, e.g.*, *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011). In the interest of justice, the Court will reach them.

Burciaga's first reply-brief argument addresses paragraph 8 of the Affidavit, which states that the confidential source told law enforcement officers, among other things, that Burciaga sells illegal drugs and "keeps [them] within the TARGET LOCATION [*i.e.*, Longhorn Point], . . . likely buried to conceal them from law enforcement." (ECF No. 70-1 ¶ 8.) Burciaga asserts that "[p]aragraph 8 of the affidavit fails to mention how the informant claims to have this information. It fails to say whether

3

or not this information is hearsay information or rumor or simply the informant's suspicion." (ECF No. 79 at 1.) There is no requirement that an affidavit make explicit whether information is hearsay, rumor, and so forth. Nonetheless, the confidential source had previously tipped off law enforcement to places where others were hiding drugs, including in a hidden compartment inside the wall of the house. (ECF No. 70-1 ¶ 7.) The magistrate judge therefore had reason to believe that the confidential source was reliable in his reports of where hidden drugs could be found. Moreover, the confidential source's tip was not the only information the Government presented to justify a search that included digging. The Government also observed dirt on the packaging of drugs that the confidential source purchased from Burciaga in a controlled buy. (*Id.* ¶ 20.)

Burciaga's second reply-brief argument is that paragraphs 11–15 and 17–21 of the Affidavit "say[] nothing about why any of the drugs would be at the location which the government asked the Magistrate [Judge] to allow them search." (ECF No. 79 at 2.) Burciaga reads these paragraphs very narrowly. Paragraphs 17 through 19 state that the Government observed a vehicle leave Longhorn Point and rendezvous with the confidential source, and that the occupant of the vehicle then delivered bundles of methamphetamine and heroin to the confidential source. These were the same bundles that were covered in dirt, mentioned above. Burciaga is therefore incorrect to represent that the cited paragraphs of the Affidavit provided the magistrate judge nothing from which to infer that drugs would be at Longhorn Point. Moreover, about six months later, law enforcement officers tailed a vehicle that left Longhorn Point, pulled it over for a traffic violation, obtained a warrant to search it, and discovered cocaine. (ECF No. 70-1

¶¶ 39–47.)

All of this, coupled with the confidential source's previous record of reliability in identifying places where drugs have been hidden, gave the magistrate judge ample probable cause to authorize a search for drugs at Longhorn Point.

      b.    *Basis to Search for a Gun*

Burciaga claims that "the affidavit has no mention of a gun; nevertheless, the warrant authorizes the search and seizure for weapons." (ECF No. 70 ¶ 6.) Burciaga is incorrect. The Affidavit explicitly states: "Based on my training and experience, narcotics traffickers commonly are in possession of firearms in order to protect their valuable stash of narcotics and as a result of the illicit, cash nature of their business." (ECF No. 70-1 ¶ 54.) The Court therefore rejects this argument.

      c.    *Stale Information*

Finally, Burciaga argues that

> the affidavit for the search warrant is based, in large part, on information that occurred in February of 2017. The warrant was issued six months later. The law of the Fourth Amendment requires that a warrant is valid only as long as the information in the oath or affirmation supporting its issuance provides probable cause to believe the item sought will still be found in the place to be searched at the time the search is conducted. Whether information is too stale to establish probable cause depends on the nature of the criminal activity, the length of the activity, and the nature of the property to be seized. *United States v. Garcia*, 707 F.3d 1190, 1194-95 (10th Cir. 2013).

(ECF No. 70 ¶ 7.) As with his reliability-of-the-confidential-informant argument, above, Burciaga sets forth the law and then stops. He nowhere *applies* the law to his case. He does not explain why the nature of the criminal activity, the length of the activity, and the nature of the property to be seized counsel in favor of finding that the warrant was

5

based on stale information.  He offers nothing in his reply brief either.

Burciaga cannot simply state general legal principles and expect the Court or the Government to figure out what he means to argue.  Burciaga bears the burden here, and this "argument" does not satisfy it.  Accordingly, the Court will not inquire into the staleness of the warrant.

**B.     Motion for Supplemental Discovery (ECF No. 68)**

Burciaga's Motion for Supplemental Discovery seeks an order requiring the Government to disclose the name of the confidential informant.  (ECF No. 68 ¶ 6.) However, Burciaga does not cite (much less argue from) the standard *Roviaro* test for whether a defendant is entitled to the identity of a confidential informant.  *See Roviaro v. United States*, 353 U.S. 53, 60–62 (1957); *see also United States v. Moralez*, 908 F.2d 565, 567–68 (10th Cir. 1990) (expounding on the *Roviaro* test).  Burciaga does not cite or apply *Roviaro* in his reply brief either (ECF No. 78), despite the Government's argument from *Roviaro* in its response brief (ECF No. 74 at 2–3).

Burciaga instead argues that the Government plans to introduce recorded conversations between himself and the confidential informant, that those statements will be hearsay, and that, to the extent they are introduced, Federal Rule of Evidence 806 allows him to attack the declarant's credibility by any evidence that would be admissible if the declarant were testifying from the stand.  (ECF No. 68 ¶¶ 3–5.)  Thus, says Burciaga, he needs the confidential informant's name and identity "to be able to make an investigation into his credibility."  (*Id.* ¶ 6.)  An added layer to this argument is that the confidential informant is now dead, reportedly killed in a car accident.  (*Id.* ¶ 3.)

The Court has reviewed the transcripts of the recorded conversations the Government intends to introduce.  (ECF No. 74 at 8–42.)  There is, frankly, no "truth" to

6

be asserted in these conversations. They are almost entirely exchanges about when and where to meet, and their value to the Government is as evidence that Burciaga was speaking with the confidential informant to set up a drug deal—the *fact* of Burciaga's words, not their *truth* (if any could be gleaned)—assuming the Government can provide extrinsic contextual evidence showing that Burciaga and the confidential informant were indeed planning a drug deal. In other words, the recordings do not present a question of the credibility of the confidential source's statements during the recorded conversations. Burciaga therefore fails to carry his burden that the Court should order the Government to disclose the confidential informant's identity. *See Moralez*, 908 F.2d at 567 (defendant has the burden of persuading the Court that a confidential source's identity should be disclosed).

Nonetheless, to the extent the Government has information regarding the confidential informant that it must disclose under *Brady v. Maryland*, 373 U.S. 83 (1963), or *Giglio v. United States*, 405 U.S. 150 (1972), the Government's duty remains intact. The Court trusts that the Government will fully comply with its constitutional duties in this regard.

## II. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Burciaga's Motion for Supplemental Discovery (ECF No. 68) is DENIED;
2. Burciaga's Motion to Suppress Evidence from Search Pursuant to Warrant (ECF No. 70) is DENIED; and
3. By separate order, the Court will set new dates for a Final Trial Preparation Conference and jury trial.

Dated this 28th day of May, 2019.

BY THE COURT:

_____
William J. Martinez
United States District Judge