IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 17-cr-427-WJM
(Civil Action No. 22-cv-1926-WJM)

UNITED STATES OF AMERICA,

     Plaintiff,

v.

JOSE BURCIAGA ANDASOLA,

     Defendant.

---

### ORDER DENYING DEFENDANT'S PETITION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

---

This matter is before the Court on Defendant Jose Burciaga Andasola's Petition to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Petition"). (ECF No. 167.) For the following reasons, the Petition is denied.

### I. LEGAL STANDARD

Section 2255 of Title 28 of the United States Code applies to requests seeking to vacate, set aside, or correct a federal sentence. A § 2255 petition "attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence." *Id*.

Defendant is proceeding *pro se* and is entitled to liberal construction of his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991).  In other words, if the Court can "reasonably read the pleadings to state a valid claim on which [Defendant] could prevail, it should do so despite [Defendant's] failure to cite proper legal authority, [his] confusion of various legal theories, [his] poor syntax and sentence construction, or [his] unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the requirement that the Court read Defendant's pleadings broadly does not relieve him of the burden of alleging sufficient facts on which a recognized legal claim could be based.  *Id*.

## II. BACKGROUND

On October 24, 2018, Defendant was charged in a Superseding Indictment with three counts: (1) distribution or possession with intent to distribute 50 grams or more of methamphetamine (actual) or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, as well as the aiding and abetting of same, in violation of 21 U.S.C. §§ 841 & 2; (2) distribution or possession with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, and the aiding and abetting of same, also in violation of 21 U.S.C. §§ 841 & 2; and (3) possession of a firearm by an illegal alien.  (ECF No. 54.)  Count 3 was dismissed by the Government prior to trial.

The Court conducted a four-day jury trial from July 8–11, 2018.  (ECF Nos. 108, 112–14.)  On July 11, 2018, the jury returned a guilty verdict on Counts 1 and 2.  (ECF No. 122.)  On December 12, 2019, the Court sentenced Defendant to 150 months, as to each Count, to be served concurrently, and 5 years of supervised release, as to each Count, to be served concurrently.  (ECF No. 137, 141.)

On December 20, 2019, Defendant appealed the judgment to the Tenth Circuit

Court of Appeals, arguing that the district court committed reversible error by testifying as a witness at trial in violation of Rule 605 when it instructed the jury that, contrary to Defendant's testimony, there was only one video. (ECF No. 143; ECF No. 165-1 at 6.) On September 13, 2021, the Tenth Circuit concluded that the district court erred, but it nevertheless affirmed the judgment on the grounds that the Government established that the error was harmless beyond a reasonable doubt. (ECF No. 165-1 at 15.)

On August 1, 2022, Defendant filed the instant Petition under 28 U.S.C. § 2255, in which he requests that the Court vacate, set aside, or correct his sentence. (ECF No. 167.) The Government filed a response in opposition. (ECF No. 170.) Defendant filed a reply. (ECF No. 174.)

### III. ANALYSIS

Defendant argues that he is entitled to habeas relief under 28 U.S.C. § 2255 based on four grounds, stating that his counsel was ineffective for the following reasons:

> Ground 1:   Not properly challenging the authenticity of video footage presented by the Government.
>
> Ground 2:   Not challenging Sixth Amendment right violation–the right to a fair trial.
>
> Ground 3:   Not properly challenging the Sixth Amendment's Confrontation Clause under *Bullcoming v. New Mexico* respecting drug analyst.
>
> Ground 4:   Not challenging the legality of video footage from a hidden camera and phone conversations between Confidential Informant ("CI") and Defendant.

(ECF No. 167 at 4–8.)

A defendant must make two showings to establish ineffective assistance: (1) counsel's performance was unreasonable under prevailing professional norms, and (2) a reasonable probability that such deficient performance prejudiced him. *Strickland v.*

3

*Washington*, 466 U.S. 668, 687-97 (1984).  A strong presumption exists that counsel's performance was not ineffective and "falls within the wide range of reasonable professional assistance."  *United States v. Clonts*, 966 F.2d 1366, 1370 (10th Cir. 1992) (quoting *Strickland*, 466 U.S. at 689).  Only in the extreme case—when counsel's conduct widely departs from standards of professional conduct—may counsel be deemed ineffective.  *See Hatch v. Oklahoma*, 58 F.3d 1447, 1459 (10th Cir. 1995).

Prejudice requires the defendant to establish a reasonable probability that the result of his trial would have been different absent counsel's professional errors. *Strickland*, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*.  Counsel's performance must have rendered the proceedings "fundamentally unfair or unreliable."  *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

The Court addresses each of Defendant's arguments alleging ineffective assistance of counsel below.

**A.     Authenticity of Video Footage**

At trial, the Government introduced video footage of the drug deal underlying Counts 1 and 2.  (Gov. Tr. Ex. 14.)  In his Petition, Defendant states that during the trial, he testified that the video played for the jury showing him and the CI had been changed from the original version he had seen before trial.  (ECF No. 167 at 17.)  The CI died in a car accident prior to trial, so he could not authenticate the video.  (*Id.*)  Defendant recounts the colloquy at sidebar among the undersigned, counsel for the Government, and his own counsel, arguing that his counsel was unprepared to challenge the accuracy of Government's Exhibit 14 as he failed to bring a copy of his own to court. (*Id.* at 21.)  He contends that "[h]ad [his] attorney been prepared by bringing the same

4

video that he had shown [Defendant] during the jailhouse visit no doubt could have been cast about [the] government's unreliable evidence." (*Id.*)

Further, he argues that his counsel's shortcomings deprived him of the right to impeach the Government's evidence. (*Id.* at 22.) He relies on *United States v. Cronic,* 466 U.S. 648, 659 (1984), to argue that if his counsel failed to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable. (*Id.* at 23.)

As the Government argues, and the Court agrees, Defendant's argument that his counsel's failure to sufficiently challenge the authenticity of the video footage of the drug deal with the CI "simply reframes the issue he lost on appeal." (ECF No. 170 at 5.) The Tenth Circuit has definitively spoken on this issue in denying his appeal and affirming the judgment, and its opinion forecloses Defendant from showing he was prejudiced by counsel's failure to challenge the authenticity of the video. *United States v. Andasola*, 13 F.4th 1011, 1012 (10th Cir. 2021). Although the Tenth Circuit concluded that the existence of another video was a factual issue that should have been left to the jury, it ultimately ruled that the error was harmless. *Id.* at 1017–19.

The Tenth Circuit ruled that contrary to Defendant's argument, "the jury was not required to find that Andasola physically handled the drugs in order to convict him of distribution." *Id.* at 1018. Moreover, the Tenth Circuit concluded that "the weight of the other evidence against Andasola regarding possession—whether actual or constructive—with intent to distribute was overwhelming." *Id.* Specifically, the Tenth Circuit referenced recorded phone calls that showed Defendant arranging the drug deal,

5

discussing prices and quantities, and using coded references to drugs.  *Id.*  The court noted that Defendant did not dispute the accuracy of those calls or the accuracy of the video of his later meeting with the CI and another undercover agent, during which Defendant collected payment for the drugs from the earlier deal and arranged future deals.  *Id.*

The Tenth Circuit affirmed Defendant's convictions, finding the undersigned's "error was harmless beyond a reasonable doubt in light of the other overwhelming evidence of Andasola's guilt."  *Id.*  Therefore, the Court finds that to conclude that Defendant has established prejudice from his attorney's failure to move to authenticate the video footage would require an impermissible ruling contrary to the controlling law of the case.  Thus, this portion of the Petition is denied.

**B.    Sixth Amendment Right to Fair Trial**

   1.    <u>Recusal of the District Judge</u>

Defendant argues that his counsel failed to raise an objection to the undersigned's bias in light of the Court's decision to instruct the jury that there was only one video in this case.  (ECF No. 167 at 27.)  He also contends that the undersigned "simply acted bias[ed] and turned a blind eye to its protective judicial duty towards [his] constitutional rights."  (*Id.*)  As such, he cites 28 U.S.C. § 455(a) for the proposition that a district judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned."  (*Id.* at 28 (alterations in Defendant's brief).)  Accordingly, he argues that his counsel erred by failing to move for the undersigned's recusal.

The Court finds that Defendant's argument that his counsel was ineffective due to his failure to move for recusal is without merit.  The Supreme Court has concluded

6

that "[o]rdinarily, when a judge's words or actions are motivated by events originating within the context of judicial proceedings, they are insulated from charges of bias." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (quoting *Liteky v. United States*, 510 U.S. 540, 554–56 (1994)).  Thus, "adverse rulings cannot in themselves form the appropriate grounds for disqualification." *Id.* (quoting *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997)).

"Recusal is necessary when a judge's actions or comments 'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'" *Nickl*, 427 F.3d at 1298 (quoting *Liteky*, 510 U.S. at 555).  Defendant challenges the undersigned's decision to instruct the jury that there was only one video, when he asserted at trial that two videos existed.  Although the Tenth Circuit determined that the Court's instruction was error, it determined that error was harmless, and regardless, in the Petition, Defendant offers no evidence of any bias or partiality of the undersigned under Supreme Court or Tenth Circuit law which would warrant his counsel to file a recusal motion at trial.  Instead, the undersigned's actions at trial are properly characterized as "motivated by events originating within the context of judicial proceedings" and are therefore "insulated from charges of bias." *Id.*  Accordingly, the Court denies this portion of the Petition.

   2.   Confrontation Clause – CI

The Government introduced evidence at trial that Defendant sold drugs to a CI working with the FBI who died in a car accident before Defendant's trial.  (ECF No. 167 at 29.)  Defendant argues that his counsel was ineffective because he did not properly invoke Defendant's Confrontation Clause rights and challenge the CI's statements in the audio and video recordings.  (*Id.* at 32.)

The Government responds that Defendant's argument fails because he has not identified the statements that prejudiced him that were properly subject to the Confrontation Clause; the CI's statements were not subject to confrontation because they were not being offered for the truth of the matter; and the prejudice came not from the CI's statements but from *Defendant's* statements and actions on the recordings. (ECF No. 170 at 8–9.)  Further, the Government contends that in this case, nearly all—if not all—of the CI's statements and interrogatories on the recordings were simply background context for Defendant's incriminating responses and were therefore not subject to the Confrontation Clause.  (*Id.* at 10.)  Out-of-court statements that are not offered for the truth of the matter asserted are not subject to the Confrontation Clause. *United States v. Townley*, 472 F.3d 1267, 1275 (10th Cir. 2007).

According to the Government, the problem for Defendant under *Strickland*'s prejudice prong is that it was not the CI's statements on the audio and video recordings that led to his conviction, but rather his own statements offering drugs, negotiating prices, and collecting payment.  (*Id.* at 10.)  In fact, the Government cites the Tenth Circuit's opinion affirming Defendant's convictions for support, whereby the Tenth Circuit did not rely on statements by the CI to analyze harmlessness but did rely on statements that Defendant himself made on the recordings.  *See Andasola*, 13 F.4th at 1013, 1018–1019.

The Court concludes that Defendant's argument is without merit.  The Government is correct that he fails to identify specific statements that the CI made that prejudiced him.  And the Tenth Circuit explained that the evidence against Defendant was "overwhelming," and included "Andasola haggling over drug prices and quantities,

instructing the informant to drive an indirect path to multiple locations to evade law enforcement, and meeting the green SUV, a car he admitted that he owned and from which drugs were removed before being placed in the informant's vehicle." *Id.* at 1018. None of this evidence is CI statements. The Court concludes that due to Defendant's failure to identify any specific statements by the CI that were subject to the Confrontation Clause, much less statements that prejudiced him, he has not met his burden to demonstrate that his counsel was ineffective. This portion of the Petition is denied.

C.   **Confrontation Clause - Drug Analyst**

Defendant argues that his counsel was ineffective because he failed to raise a Confrontation Clause Challenge concerning the drug analyst who signed the forensic laboratory report. (ECF No. 167 at 32–34.) He concedes that an expert that tested the substances within the packages testified at trial, but he argues that this was not the same analyst that tested the purity and other factors pertaining to the drugs involved. (*Id.* at 33.)

Defendant is incorrect that the expert who tested the drugs did not testify. The Government explains that the expert who testified was the same person who conducted the purity and weight tests. (ECF No. 170 (citing ECF No. 157 at 419–24 (testimony of Stephen Brumbaugh that he personally weighed the drugs and tested them for purity)).) Accordingly, there is no Confrontation Clause issue with respect to the drug analyst. This portion of the Petition is denied.

D.   **Legality of Video Footage and Phone Conversations with CI**

Defendant argues that his counsel "simply ignored challenging the legality of [the] CI wearing an audio and video recording device and engaging with [Defendant] in

9

controlled drug transactions." (ECF No. 167 at 34.) He further contends that his lawyer "should have challenged his due process because it was uncertain that law enforcement officers did obtain a court order before sending the confidential informant to the controlled buy, and that there was a legal court order to record a controlled buy in [Defendant's] criminal case." (*Id.*) Relying on Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et seq.*,[1] and the Fourth Amendment, Defendant states that any "competent attorney would have moved to suppress the evidence prior to trial, since [the] CI died and could not testify during trial about proper consent to record." (*Id.* at 38.)

Defendant's arguments fail for the following reasons. With respect to Title III, his attorney did raise a Title III objection at trial. (ECF No. 157 at 313–14 (Defendant's attorney objecting that "in order for a recording to be admissible, I'm [*sic*] not in violation of Title III omnibus wiretapping statute, it has to be consensual" and "there's no evidence that Mr. Andasola consented to the recording and there's no evidence that Mr. Mercado consented to the recording").) Despite defense counsel's arguments, the Court overruled the objection, finding that the CI consented to the recordings. Evidence supporting the Court's ruling included that the lead agent testified to the consensual nature of his relationship with the CI; the lead agent's explanation that the CI was paid for his work and benefitting because a charge was being dropped in a pending matter;

---

[1] Under Title III, a wiretap is permitted when a party to the conversation has given prior consent. 18 U.S.C. § 2511(2)(c) ("It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception."). Implied consent inferred from the circumstances satisfies the statute, even where that consent may be the result of a "Hobson's choice." *United States v. Verdin-Garcia*, 516 F.3d 884, 894 (10th Cir. 2008).

the CI identified Defendant as a possible target; and the agent was with the CI when the recorded phone calls were made. (ECF No. 170 at 12–13 (citing ECF No. 157 at 305–13).) Under Tenth Circuit precedent, consent can be inferred from circumstances, such as those present here, "where awareness and a voluntary choice are present." *Verdin-Garcia*, 516 F.3d at 894.

With respect to Defendant's Fourth Amendment argument, the CI's consent to the recordings precluded a Fourth Amendment violation. *United States v. White*, 401 U.S. 745, 747–54 (1971) (holding that a defendant's Fourth Amendment rights are not violated if conversations between the defendant and a government informant are electronically monitored with the consent of the informant); *United States v. Zamudio*, 211 F.3d 1279 (10th Cir. 2000) (affirming district court's rejection of Zamudio's claim that his Fourth Amendment and statutory rights were violated by the recording of his conversations with a co-conspirator). Defendant as a consequence has failed to show that his counsel's performance was deficient or that he was prejudiced in violation of the Fourth Amendment.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Defendant Jose Burciaga Andasola's Petition to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 167) is DENIED;
2. Civil Action No. 22-cv-1926-WJM is DISMISSED WITH PREJUDICE;
3. The Court has *sua sponte* considered whether a certificate of appealability is appropriate, and hereby ORDERS that no certificate of appealability will issue because Defendant has not made a substantial showing that jurists of reason

would find it debatable whether his Petition states a valid claim of the denial of a constitutional right;

4. Judgment will enter in Civil Action No. 22-cv-1926-WJM in favor of the United States and against Defendant;

5. The parties shall bear their own fees and costs; and

6. The Clerk shall terminate Civil Action No. 22-cv-1926-WJM.

Dated this 24th day of October, 2023.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge