**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Criminal Case No. 17-cr-427-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. JOSE BURCIAGA ANDASOLA,

      Defendant.

---

## ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION

---

This matter is before the Court on Defendant Jose Burciaga Andasola's "Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2) and USSG 1B1.10, et al., (Pursuant to Amendment 821 – Downward Adjustment for Certain/Eligible Zero-Point Offenders)[] and Motion for the Appointment of Counsel" (ECF No. 183) ("Motion"). The Government filed a response. (ECF No. 187.) Defendant did not file a reply.

For the following reasons, the Motion is denied.

### I. BACKGROUND

In July 2019, a jury convicted Defendant on two counts: (1) distribution or possession with intent to distribute 50 grams or more of methamphetamine (actual) or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, as well as the aiding and abetting of same, in violation of 21 U.S.C. §§ 841 & 2; and (2) distribution or possession with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, and the aiding

and abetting of same, also in violation of 21 U.S.C. §§ 841 & 2.  (ECF No. 122.)  In

December 2019, the Court sentenced Defendant to 150 months, as to each Count, to

be served concurrently, and 5 years of supervised release, as to each Count, to be

served concurrently.  (ECF No. 137, 141.)  In the Amended Presentence Investigation

Report ("PIR"), which was largely adopted by the Court (*see* ECF No. 142 at 1),

Defendant was not assessed any criminal history points nor any additional "status

points."  (ECF No. 139 at ¶¶ 62–63.)

In October 2023, the Court denied Defendant's first habeas petition, in which

Defendant sought relief based on asserted ineffective assistance of counsel.  (ECF No.

175.)  In the present Motion, Defendant asks the Court to "apply Amendment 821" and

"reduce his sentence accordingly" "[i]n light of [his] significant efforts toward

rehabilitation, his spotless conduct record, and his imminent deportation."  (ECF No.

183 at 7.)  He also "requests the appointment of counsel to help with properly briefing

the application of Amendment 821 and obtaining the necessary documents and

evidence related to this case."  (*Id.*)

## II. APPLICABLE STANDARDS

Under 18 U.S.C. § 3582(c)(2), a court may modify the sentence

> of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has
> subsequently been lowered by the Sentencing Commission
> pursuant to 28 U.S.C. § 944(o), upon motion of the
> defendant or the Director of the Bureau of Prisons ["BOP"],
> or on its own motion, the court may reduce the term of
> imprisonment, after considering the factors set forth in
> section 3553(a) to the extent that they are applicable, if such
> a reduction is consistent with applicable policy statements
> issued by the Sentencing Commission.

The Sentencing Guidelines, in turn, direct that:

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
>> (A) none of the amendments listed in subsection (d) is applicable to the defendant; or
>>
>> (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(2) (2024 ed.).

To determine "whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and [U.S.S.G. § 1B1.10] is warranted," courts must "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." § 1B1.10(b)(1). Absent exception, courts "shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . ." § 1B1.10(b)(2)(A). This limitation also applies "[i]f the term of imprisonment imposed was outside the guideline range applicable to the defendant at the time of sentencing," such as where the sentence "constitut[ed] a downward departure or variance." § 1B1.10, cmt. 3.

### III. ANALYSIS

Defendant asks the Court to reduce his sentence in accordance with Amendment 821, which incorporated two pertinent changes to the Sentencing Guidelines relating to "zero-point offenders" and the assessment of "status points." § 1B1.10(d), cmt. 7. But the retroactive application of these changes does not result in a lesser sentence for Defendant. Accordingly, the Court cannot reduce his sentence.

First, the "zero-point offenders" provision instructs that a court should "decrease

3

the offense level determined under Chapters Two and Three" of the Sentencing

Guidelines "by 2 levels" if, among ten additional criteria, "the defendant did not receive

any criminal history points from Chapter Four, Part A."  § 4C1.1(a).  Defendant correctly

points out that he meets this threshold criteria, as he was assessed a total criminal history

score of zero.  (ECF No. 139 at ¶ 62.)  But reducing his offense level in accordance with

Amendment 821—from an offense level of 38 at Criminal History Category I to an offense

level of 36 at Criminal History Category I—yields an amended guideline range of 188 to

235 months.  (ECF No. 142 at 1); *see also* U.S.S.G. § 5A (2018 ed.).  This 188-month

minimum is more than the 150-month sentence Defendant is currently serving.  (ECF No.

141 at 2.)[1]  Section 3582(c)(2) thus does not permit the Court to apply a further reduction.

*See also* U.S.S.G. § 1B1.10, cmt. 3 (2024 ed.).

Second, where the Sentencing Guidelines previously mandated that two additional

"status points" must be added to a defendant's criminal history score "if the defendant

committed the instant offense while under any criminal justice sentence, including

probation, parole, supervised release, imprisonment, work release, or escape status,"

U.S.S.G. § 4A1.1(d) (2018 ed.), Amendment 821 made it such that just *one* status point

is assessed if the defendant (1) receives seven or more criminal history points under

subsections (a) through (d), and (2) committed the instant offense while under any

criminal justice sentence.  U.S.S.G. § 4A1.1(e), cmt. 5 (2024 ed.).  But here, Defendant

received no status points in the first instance.  Thus, Amendment 821's changes to the

assessment of status points have no effect on his criminal history score and, in turn, the

---

[1] The Court already applied a substantial downward variance from the minimum of the applicable guideline range at the time of sentencing on the defense's motion.

guideline range applicable to his offense level.

For these reasons, Defendant's Motion based on Amendment 821's changes to the Sentencing Guidelines is denied.  Defendant also has not demonstrated a compelling need for the appointment of counsel to assist with the Motion and his request for same is similarly denied at this time.  *United States v. Lynn,* 2024 WL 4298766, at *1 (D. Kan. Sept. 26, 2024) (citing *United States v. Olden,* 296 F. App'x 671, 674 (10th Cir. 2008)) ("a federal district court has discretion to appoint counsel to assist a [d]efendant's pursuit of a § 3582 motion").

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Sentence Reduction (ECF No. 183) is DENIED.

Dated this 17th day of March, 2025.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge